PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1930
_____

UNITED STATES OF AMERICA

v.

RICHARD ANTONIO HODGE, JR.,
                                    Appellant

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-14-cr-00001-001
District Judge: The Honorable Curtis V. Gomez

Argued December 9, 2019

Before: SMITH *Chief Judge*, McKEE, and SHWARTZ,
*Circuit Judges*

(Filed: January 17, 2020)

Jennifer Blecher [ARGUED]
Office of United States Attorney
5500 Veterans Drive
United States Courthouse, Suite 260
St. Thomas, VI 00802
        *Counsel for Appellee*


Melanie Turnbull
Gabriel J. Vellegas [ARGUED]
Office of Federal Public Defender
1336 Beltjen Road
Suite 202, Tunick Building
St. Thomas, VI 00802
        *Counsel for Appellant*

_____

OPINION
_____


SMITH, *Chief Judge*

18 U.S.C. § 924(c) criminalizes using, carrying, or possessing a firearm during the commission of a violent crime. The First Step Act reduced the mandatory minimum sentence for first-time offenders who commit multiple § 924(c) counts charged in the same indictment. The new minimum applies to defendants convicted before the Act became law if they had

not yet had a sentence "imposed." *See* First Step Act of 2018, § 403, Pub. L. No. 115-391, 132 Stat. 5194, 5221-22.

In 2014, Richard Hodge, Jr. was charged in the District of the Virgin Islands with three § 924(c) counts after he shot two armored-vehicle workers and stole $33,500. A jury convicted Hodge of two § 924(c) counts, along with several other federal and territorial crimes.[1] In 2015, the District Court sentenced Hodge to an aggregate 420 months imprisonment on the two § 924(c) counts—the pre–First Step Act mandatory minimum for first-time § 924(c) offenders convicted of two counts involving discharging a firearm—plus another 310 months on the other counts. We affirmed the District Court's judgment of sentence on the federal counts, but remanded the territorial charges with instructions to vacate two territorial counts and to conduct the "requisite resentencing." *See* 870 F.3d 184, 188 (3d Cir. 2017). Before resentencing took place, the First Step Act became law. The Act amended § 924(c) so that first-time offenders convicted of two § 924(c) counts involving discharging a firearm and stemming from the same indictment now face a 240-month mandatory minimum.[2]

---

[1] Under 48 U.S.C. § 1612(c), the District Court of the Virgin Islands not only has jurisdiction over federal offenses, but also has pendent jurisdiction over territorial offenses arising from the same criminal activity.

[2] More specifically, the First Step Act eliminated § 924(c)(1)(C)'s "stacking" requirement for first-time offenders. Under either version of § 924(c), a first-time offender convicted of discharging a firearm faces a 120-month mandatory minimum on his first § 924(c) count. *See* §

3

We must decide whether the District Court's post–First Step Act modification of Hodge's territorial sentence allows Hodge to invoke the reduced § 924(c) mandatory minimum. Given the limited nature of our remand, the District Court did not think so, and he declined to disturb Hodge's federal sentence. As a matter of decretal interpretation, that was the correct result.[3] And as a matter of statutory interpretation, we

924(c)(1)(A)(iii). But before the First Step Act, if that offender was convicted of a second § 924(c) count, he faced an enhanced consecutive 300-month mandatory recidivist penalty—even though both counts came from the same indictment. *See* § 924(c)(1)(C)(i) (amended 2018) ("In the case of a *second or subsequent conviction under this subsection*, the person shall [] be sentenced to a term of imprisonment of not less than 25 years . . . ." (emphasis added)); § 924(c)(1)(D)(ii); *see also Deal v. United States*, 508 U.S. 129, 132 (1993). After the First Step Act, when a first-time offender who discharged a firearm is convicted of multiple § 924(c) counts from the same indictment, each count carries only the standard 120-month minimum, run consecutively. *See* § 924(c)(1)(C)(i) ("In the case of a *violation of this subsection that occurs after a prior conviction under this subsection has become final*, the person shall [] be sentenced to a term of imprisonment of not less than 25 years . . . ." (emphasis added)).

[3] Our prior opinion explicitly "affirm[ed] the District Court's judgment of conviction and sentence on" Hodge's federal charges, including his § 924(c) counts. 870 F.3d at 206. Only Hodge's territorial sentence remained at issue on remand. The jury convicted Hodge of three territorial firearms offenses arising from the same conduct, but we concluded territorial law

4

hold the new § 924(c) mandatory minimum does not apply to defendants initially sentenced before the First Step Act's enactment. We will therefore affirm.

## I

The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(c). We have jurisdiction under 28 U.S.C. § 1291. We review statutory interpretation questions de novo. *See Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 213 (3d Cir. 2018).

---

permitted only one. *See id.* at 197-99. So we "affirm[ed] the District Court's judgment and commitment" on the territorial charges, "except that we [] remand[ed] to the District Court to vacate two of the three [territorial firearms] offenses." *Id.* at 206. Given this express direction, had the District Court taken-up Hodge's call to revisit his federal sentence, it would have impermissibly "deviate[d] from the mandate issued by an appellate court." *Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948). *See generally Sibbald v. United States*, 37 U.S. (12 Pet.) 488, 492 (1838) ("Whatever was before the [appellate] Court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, nor examine it for any other purpose than execution; or give any other or further relief; . . . or intermeddle with it, further than to settle so much as has been remanded.").

## II

Hodge argues that any defendant awaiting resentencing when the First Step Act became law may benefit from the reduced § 924(c) mandatory minimum. But the First Step Act's text and our decision in *United States v. Aviles*, 938 F.3d 503 (3d Cir. 2019), suggest otherwise. Because the District Court first sentenced Hodge before the First Step Act became law, he cannot benefit from its changes to § 924(c). And that's true even though the District Court revisited other aspects of his sentence after the First Step Act's passage.

## A

We start with the statutory text. Recall that when a statute imposes a newer, more lenient penalty, the change applies retroactively only if Congress intends it to. *See Dorsey v. United States*, 567 U.S. 260, 272 (2012) (citing 1 U.S.C. § 109). In the First Step Act, Congress spoke unequivocally: the reduced § 924(c) mandatory minimum would apply retroactively "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of [that] date." § 403(b), 132 Stat. at 5222.

So the First Step Act conditions the reduced mandatory minimum's retroactive application on the imposition of *a* sentence—not *the* sentence, an *ultimate* sentence, or a *final* sentence. That word choice matters. For starters, Congress knows how to say such things when it wants to. *See, e.g.*, 18 U.S.C. § 3742 (discussing grounds to appeal "an otherwise final sentence"); *cf. Custis v. United States*, 511 U.S. 485, 491-92 (1994) (rejecting a possible reading of a statutory provision

6

since Congress specifically provided for that reading in more specific language elsewhere).

What's more, the immediately preceding subsection of the First Step Act—the provision amending § 924(c)—discusses sentence finality. *See* § 403(a), 132 Stat. at 5221-22 ("Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection *has become final*.'" (emphasis added)). But as discussed, the very next subsection limiting that amendment's retroactive application focuses only on sentence imposition. *See* § 403(b), 132 Stat. at 5222 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense *has not been imposed* as of such date of enactment." (emphasis added)).

So for Hodge to win, we would have to equate § 403(b) with finality even though it makes no mention of finality, and even though § 403(a) expressly discusses finality. But "[w]e refrain from concluding here that the differing language in the two subsections has the same meaning in each." *Russello v. United States*, 464 U.S. 16, 23 (1983). Rather, we conclude the First Step Act intentionally subjected any defendant who already had any sentence imposed to the original § 924(c) mandatory minimum, even if their sentence was subsequently modified. And so Hodge—who the District Court initially

7

sentenced before the First Step Act became law—cannot be the beneficiary of any clemency intended by the Act.[4]

**B**

And then there is *Aviles*. That case interprets § 401(c) of the First Step Act, which similarly limits retroactively applying a reduced penalty—this time under the Controlled Substances Act and the Controlled Substances Import and Export Act—by excluding cases where a sentence was already imposed. *See* 938 F.3d at 510. We agreed with the Seventh Circuit that a sentence is "'"imposed" . . . within the meaning of'" the First Step Act once "a sentencing order has been entered by a district court." *Id.* (quoting *United States v. Pierson*, 925 F.3d 913, 927-28 (7th Cir. 2019)). The Sixth and D.C. Circuits have also adopted that position. *See Young v. United States*, 943 F.3d 460, 463 (D.C. Cir. 2019); *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019).

We decline to give the word "impose" in § 403(b) a different meaning than we gave it in § 401(c). After all, "identical words used in different parts of the same statute are generally presumed to have the same meaning." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005). So *Aviles* buttresses our textual analysis: Hodge cannot leverage the reduced § 924(c) mandatory minimum on remand because the District Court

---

[4] Because we resolve only the issue presented, we express no opinion as to whether § 403 applies to a defendant whose sentence on § 924(c) counts is vacated and remanded for resentencing after the Act's enactment. *See Aviles*, 938 F.3d at 515 n.8 (leaving this question open).

already imposed a sentence upon him before the First Step Act became law. That's true even though the District Court modified other aspects of his sentence after passage of the First Step Act.

## III

With his primary argument thwarted by both statutory text and *Aviles*, Hodge is left with his back-up request for a remand under 28 U.S.C. § 2106. Section 2106 allows us to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court" and "remand the cause and direct the entry of such appropriate judgment, decree, or order . . . as may be just under the circumstances." Hodge contends it would be "unjust" to impose the § 924(c) mandatory minimum in effect at the time of his original sentencing since "the law changed drastically" while he awaited resentencing. Appellant Br. 21.

We disagree. If anything, fairness considerations underscore our legal conclusion. After all, "reduction[s] in criminal penalties" will always "pose difficult line-drawing in applying the reduction to pending cases." *Pierson*, 925 F.3d at 927. But drawing the line at initial-sentence imposition is preferable to drawing the line at ultimate-sentence imposition. If we let all defendants awaiting resentencing capitalize on the First Step Act, we would favor defendants whose appeals—for whatever reason—took longer to resolve.

Imagine two § 924(c) defendants sentenced before the First Step Act who successfully appeal their sentences. Suppose the first defendant homes-in on a single dispositive

9

issue, allowing vacatur and resentencing before the First Step Act's passage. But suppose the second defendant complicates his appeal with multiple yet non-meritorious issues, delaying resentencing until after the First Step Act passes. The first defendant would not benefit from the new mandatory minimum, but the second defendant would. We should not countenance such a result. Focusing on initial-sentence imposition avoids that disparity.

## IV

For these reasons, we will affirm Hodge's sentence.