**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1969

_____

UNITED STATES OF AMERICA

v.

DEVLON SAUNDERS,
a/k/a Dev,
a/k/a Shawn,

Appellant

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No.: 1:10-cr-00054-001)
District Judge: Honorable Yvette Kane

_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 13, 2020

(Opinion Filed:  December 4, 2020)

Before:  HARDIMAN, SCIRICA, AND RENDELL, *Circuit Judges*.

_____

O P I N I O N[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Devlon Saunders challenges the District Court's denial of his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("Resentencing Motion"). Section 404 provides that district courts can reduce the sentences of defendants who were convicted of offenses for which the Fair Sentencing Act of 2010 reduced the penalties. Section 404(c) precludes a motion under this section "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372)." § 404(c), 132 Stat. at 5222. Because we agree with the District Court that Saunders was sentenced "in accordance with" the Fair Sentencing Act, we will affirm the District Court's denial of Saunders' Resentencing Motion.

## I.     FACTUAL BACKGROUND

In July 2010, Saunders moved to change his plea to guilty regarding one count of conspiracy to distribute and possess with intent to distribute fifty grams and more of cocaine base and marijuana, in violation of 21 U.S.C. § 846. The penalties for this offense are derived from 21 U.S.C. § 841. *See* 21 U.S.C. § 846.

The Fair Sentencing Act was enacted in August 2010. The Fair Sentencing Act of 2010 increased the drug weights of crack cocaine required to trigger certain mandatory statutory penalties. Before its enactment, the statutory range for an offense which involved 50 grams or more of crack cocaine was ten years to life imprisonment. *See* 21 U.S.C. § 841 (2006); Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(1), 124

Stat. 2372, 2372. After its enactment, the statutory range for the same quantity became five to forty years imprisonment. *Id.*; 21 U.S.C. § 841(b) (2018).

The District Court accepted Saunders' plea on August 3, 2010.

In September 2010, for purposes of Saunders' Presentence Investigation Report ("PSR"), the U.S. Probation Officer applied the 2009 version of the Sentencing Guidelines. Probation calculated Saunders' custody range as 360 months to life and identified the statutory penalties as ten years to life imprisonment.

The United States Sentencing Commission promulgated amendments to the Guidelines corresponding to the reduced statutory penalties under the Fair Sentencing Act. *See* U.S. Sent'g Guidelines Manual, Supp. § 2D1.1(c) (U.S. Sent'g Comm'n 2010). These revised Guidelines became effective on November 1, 2010.

In the sentencing memorandum filed in February 2011, counsel for Saunders raised multiple objections to the PSR. Specifically, counsel argued that the Guidelines that correspond to the reductions in the Fair Sentencing Act of 2010 should have been applied instead of the 2009 Guidelines. Counsel noted that the 2010 Guidelines were promulgated in November 2010 and effective immediately. The 2010 Guidelines reduced Saunders' base offense level from 38 to 34.

Saunders was sentenced on March 3, 2011 to 180 months imprisonment, a three-year term of supervised release, a $1,000 fine, and a $100 special assessment. In the Statement of Reasons, the Court acknowledged that it was applying the 2010 Guidelines.

Saunders appealed his sentence. We affirmed in an opinion filed on January 30, 2012. On November 23, 2015, the District Court resentenced Saunders to a term of

3

imprisonment of 152 months based on a motion to reduce his sentence under U.S. Sentencing Guidelines Manual, 2014 Supp. to App. C, Amendment 782 (U.S. Sent'g Comm'n 2014). After Saunders sent a letter to the District Court in November 2019 seeking relief under the First Step Act, appointed counsel filed a brief in support of Saunders's Resentencing Motion on March 20, 2020.

## II. PROCEDURAL BACKGROUND

The District Court denied Saunders' Resentencing Motion because it had applied the Fair Sentencing Act in sentencing him. The District Court noted that "at sentencing, the Court explicitly stated that it would apply the 2010 Guidelines Manual to Defendant." App. 8. The Court further explained that it is of no consequence that Saunders' offenses and guilty plea occurred before the enactment of the Fair Sentencing Act because the 2010 Guidelines that incorporated the changes made by the Fair Sentencing Act were applied at his sentencing. The District Court also rejected Saunders' argument that it had sentenced him based on the heightened statutory range. Thus, the District Court decided that Section 404 precluded his motion.

## III. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231, First Step Act § 404, and 18 U.S.C. § 3582(c)(1)(B). *See United States v. Easter*, 975 F.3d 318, 322 (3d Cir. 2020). This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. As to the proper interpretation of a statute, our review is plenary. *See United States v. Hodge*, 948 F.3d 160, 162 (3d Cir. 2020).

4

## IV. DISCUSSION

We agree with the District Court that Saunders cannot seek relief under Section 404 of the First Step Act because his sentence was previously imposed in accordance with the Fair Sentencing Act.

The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act[.]" § 404(a), 132 Stat. at 5222. Under Section 2 of the Fair Sentencing Act, Saunders would be subject to a statutory range of five to forty years. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372. However, Section 404(c) of the First Step Act prohibits resentencing under Section 404 "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372)." § 404(c), 132 Stat. at 5222.

Saunders was sentenced "in accordance with" the Fair Sentencing Act of 2010. Saunders' counsel argued that the 2010 Guidelines "implementing the provisions of the Fair Sentencing Act" should apply because they were promulgated in November 2010 and effective immediately. The District Court accepted Saunders' counsel's argument. The District Court explicitly stated in the Statement of Reasons that the 2010 Guidelines applied.

5

Saunders argues that he is nonetheless eligible for relief because the statutory penalties for his offense were modified by the Fair Sentencing Act. He argues that eligibility under Section 404 turns on whether the statutory penalties were modified, not whether the corresponding Guidelines range was applied. The Court did not acknowledge the revised statutory penalties in the Statement of Reasons, so Saunders also posits that he is not subject to Section 404(c) because he could not have been sentenced "in accordance with" the Fair Sentencing Act.

Saunders' argument is unavailing. The Court explicitly applied the 2010 Guidelines at sentencing and sentenced him to 180 months imprisonment. Saunders provides no support to show that the statutory penalties affected his sentence. The Court explicitly stated, "I think a guideline sentence is not only appropriate but even generous under the circumstances. I believe that sentencing objectives will be met by a sentence that is within the guideline range." App. 75. Saunders' sentence is within the 2010 Guidelines range and, importantly, it is significantly above both statutory minimums. Saunders also acknowledged in his sentencing memorandum that the mandatory minimum was not at issue in his case.

Saunders concedes that the District Court could refuse to exercise its discretion to resentence him under Section 404(b) because the 2010 Guidelines were applied in calculating his sentence. Still, he argues that the Court erred in finding him *ineligible* under Section 404(a). Saunders' attempt to reframe Section 404(c) as a separate issue for the Court's discretion, rather than a limitation on relief, contradicts the plain language of the text. "No court shall entertain a motion made under this section to reduce a sentence

6

if . . ." unequivocally restricts relief under Section 404. *See United States v. Jackson*, 964 F.3d 197, 205 n.11 (3d Cir. 2020) (recognizing "a few specific limitations found within the First Step Act," and citing Section 404(c)).

At sentencing, the Court recognized that the penalties for Saunders' offense changed following the Fair Sentencing Act of 2010 and sentenced Saunders according to the corresponding Guidelines. This renders Saunders ineligible for relief under Section 404 of the First Step Act.

## V.    CONCLUSION

For these reasons, we will affirm the District Court's order denying Saunders' Resentencing Motion.

7