**ALD-004**                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2098
_____

DAVID ANTOINE LUSTER,
                                        Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00012)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 1, 2020

Before: MCKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: December 8, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant David Antoine Luster appeals the District Court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Luster, a federal prisoner currently confined at FCI McKean in Pennsylvania, entered a guilty plea in the United States District Court for the Middle District of Georgia in five separate cases to eight counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (counts I and III), and two counts of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (counts II and IV). He was sentenced to 535 months' imprisonment, which included a mandatory 25-year consecutive sentence on the second § 924(c) conviction. The Eleventh Circuit Court of Appeals affirmed Luster's judgment of sentence on direct appeal. See United States v. Luster, 129 F. App'x 598 (11th Cir. 2005) (table); 129 F. App'x 599 (11th Cir. 2005) (table).

Since then, Luster has sought to collaterally attack his conviction and sentence numerous times, including by filing five motions to vacate his sentence pursuant to 28 U.S.C. § 2255, 10 motions to file a second or successive § 2255 motion pursuant to 28 U.S.C. §§ 2244 and 2255(h), and five prior § 2241 petitions. See Mag. J. R. & R. at 2. In January 2019, he filed the § 2241 petition at issue here, arguing that his sentence on the second § 924(c) conviction was invalidated by the First Step Act of 2018. In an addendum to that petition, he asserted that he was actually innocent of the § 924(c) convictions, and that his judgment of restitution is null and void, pursuant to the Supreme

2

Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The District Court dismissed the petition for lack of jurisdiction, and this appeal ensued.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Generally, the execution or carrying out of an initially valid confinement is within the purview of a § 2241 proceeding, as attacks on the validity of a conviction or sentence must be asserted under § 2255. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Luster may not pursue a collateral attack on his conviction and sentence by way of § 2241 unless he can show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under this "safety valve" provision, a prior unsuccessful § 2255 motion or the inability to meet the statute's stringent gatekeeping requirements does not render § 2255 inadequate or ineffective. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the exception is narrow, limited to extraordinary circumstances such as where the petitioner "had no earlier opportunity" to present his claims and has been convicted for conduct which is no longer deemed criminal. Id.

Luster challenges the validity of his conviction and sentence on count IV, the second § 924(c) conviction, in light of the First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Specifically, he relies on § 403(a) of the FSA, which removed the

3

mandatory 25-year sentence for a second or subsequent § 924(c) offense committed before the first § 924(c) conviction was final.  See id. at § 403(a), 132 Stat. at 5222. Contrary to his argument on appeal, prior to the FSA, a defendant like Luster who was convicted of multiple § 924(c) convictions in a single prosecution was subject to a 25-year sentence on the second or subsequent violation.  See United States v. Davis, 139 S. Ct. 2319, 2324 n.1 (2019) (citing Deal v. United States, 508 U.S. 129, 132 (1993)).

Luster reasons that he should be allowed to seek relief on his FSA claim under § 2241's "saving[s] clause" because Congress "merely clarified" the meaning of § 924(c), making clear that his conviction and sentence on count IV were void ab initio. For support, he relies on Fiore v. White, 531 U.S. 225, 228 (2001), in which the Supreme Court held that a defendant's conviction violated due process where a subsequent Pennsylvania Supreme Court decision interpreting the criminal statute clarified that the conduct for which he was convicted was not criminal.  As the District Court explained here, the FSA did not decriminalize the conduct for which Luster was convicted. Moreover, § 403(a) of the FSA does not apply retroactively to defendants, like Luster, who were convicted and sentenced prior to its enactment.  See Pub. L. No. 115-391, 403(b) (applying the change only to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment"); United States v. Hodge, 948 F.3d 160, 163 (3d Cir. 2020).  Accordingly, even assuming this type of innocence-of-the-sentence claim may be properly asserted in a § 2241 proceeding, see generally United States v. Doe, 810 F.3d 132, 160-61 (3d Cir.

4

2015), this claim does not otherwise satisfy the conditions required to proceed under the savings clause of § 2255(e). See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177-80 (3d Cir. 2017) (noting that the saving clause applies "when there is a change in statutory caselaw that applies retroactively in cases on collateral review.").

Luster also challenges the validity of his § 924 convictions (and resulting sentence) under Dimaya, in which the Supreme Court held that the definition of a "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague.[1] See 138 S. Ct. at 1213. Luster argues that because the essential text of § 16(b) is replicated in the definition of "crime of violence" set forth in § 924(c)(3)(B), that provision is also void for vagueness, and his convictions are therefore unconstitutional. After Dimaya, the Supreme Court held that § 924(c)(3)(B) is unconstitutionally vague. See Davis, 139 S. Ct. at 2336. But this is clearly not a situation in which Luster "had no earlier opportunity to challenge his conviction[s]" based on this claim. Dorsainvil, 119 F.3d at 251. This is precisely the type of constitutional claim that can be pursued in a second or successive § 2255 motion, and, indeed, Luster presented it to the Eleventh Circuit in a § 2244 application, prior to the decision in Davis. That Court denied authorization to file a second or

---

[1] Pertinent here, § 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" Davis, 139 S. Ct. at 2324. The statute defines "crime of violence" as an offense that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

successive § 2255 motion; it concluded that, although Luster's convictions may not be valid under § 924(c)(3)(B) (the residual clause), armed robbery is a crime of violence under 924(c)(3)(A) (the elements clause). See Judgment Order, C.A. No. 18-11799 (11th Cir. Nov. 9, 2018) (citing In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016)); accord United States v. Johnson, 899 F.3d 191, 204 (3d Cir. 2018). The mere fact that Luster's § 2244 application was denied does not render § 2555 inadequate or ineffective. See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017).[2]

For the foregoing reasons, the District Court correctly ruled that it lacked jurisdiction to entertain the § 2241 petition. Accordingly, because no "substantial question" is presented as to the petition's dismissal, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Luster's motion to expedite the appeal is denied.[3]

---

[2] To the extent Luster also sought to challenge his § 924(c) convictions based on decisions rendered by the First and Ninth Circuit courts of appeals, the claim does not fit within the Dorsainvil exception because the opinions he cites do not present a change in substantive law and are not controlling on this Court.

[3] Luster sought expedited consideration of his appeal based on his erroneous belief that his appeal was meritorious, and in light of the impact of the COVID-19 pandemic on prison facilities. We note that Luster has made clear that he is not seeking compassionate release, see 18 U.S.C. § 3582(c)(1)(A)(i).