RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0091p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee/Cross-Appellant*,

    *v.*

KENNETH J. JACKSON, JR.,

      *Defendant-Appellant/Cross-Appellee*.

Nos. 19-3623/3711

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:15-cr-00453-1—Patricia A. Gaughan, District Judge.

Decided and Filed: April 22, 2021

Before: BATCHELDER, MOORE, and BUSH, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:** Kevin M. Cafferkey, Cleveland, Ohio, for Appellant/Cross-Appellee. Matthew B. Kall, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee/Cross-Appellant. Alec Schierenbeck, O'MELVENY & MYERS LLP, New York, New York, Nathan Freed Wessler AMERICAN CIVIL LIBERTIES UNION FOUNDATION, New York, New York for Amici Curiae.

      BUSH, J., delivered the opinion of the court in which BATCHELDER, J., joined. MOORE, J. (pp. 7–9), delivered a separate dissenting opinion.

───────────────

## OPINION

───────────────

      JOHN K. BUSH, Circuit Judge. As judges, we assume that Congress says what it means and means what it says. That is why statutory interpretation begins with the text. *FNU Tanzin v.*

*Tanzir*, 141 S. Ct. 486, 489 (2020).  When Congress reduced the scope of 18 U.S.C. § 924(c)'s extreme penalties, it said how the amendments apply to past crimes.  They apply for a defendant on whom "a sentence for the offense has not been imposed as of" December 21, 2018.  First Step Act § 403(b) (codified at 18 U.S.C. § 924 notes).  As of that day, a sentence had been imposed on Kenneth Jackson, Jr.  That we later vacated his first sentence does not alter Jackson's status on the day the First Step Act became law.  For that reason, we again vacate his sentence and remand for resentencing.

I.

A.  STATUTORY BACKGROUND

18 U.S.C. § 924(c) imposes a mandatory seven-year sentence the first time a person brandishes a firearm in connection with a crime of violence.  *Id.* § 924(c)(1)(A)(iii).  If that person does so a second time, the mandatory sentence skyrockets to twenty-five years.  *Id.* § 924(c)(1)(C)(i).  Before December of 2018, that enhanced sentence applied even when a defendant's two § 924(c) violations occurred in the same case, so that the first conviction received a seven-year minimum and the second a twenty-five year minimum.  *See United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019).  In the First Step Act, Congress changed that rule.  Now § 924(c)(1)(C)'s enhancement applies only after a prior conviction under § 924(c) has become final.  Congress also made that change retroactive to a narrow class of defendants: those for whom "a sentence for the offense has not been imposed as of such date of enactment."  First Step Act § 403(b).  That provision displaced the default rule that amendments to statutes apply only to defendants who had not yet committed their crimes as of the date the statute changes.  *See* 1 U.S.C. § 109.

B.  PROCEDURAL BACKGROUND

In May of 2017, a jury convicted Jackson and the district court sentenced him on three counts of carjacking and, as relevant here, three counts of brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c).  *United States v. Jackson*, 918 F.3d 467, 476–77 (6th Cir. 2019).  While Jackson's appeal was pending, Congress enacted the First Step Act.  Three months later, we vacated one of his three § 924(c) convictions and remanded the case for resentencing.

*Id.* at 494.　At the resentencing hearing, the district court determined that the First Step Act's amendments to § 924(c) apply retroactively to someone who, like Jackson, had his sentence vacated after the Act became law.　*United States v. Jackson*, No. 1:15 CR 453-001, 2019 WL 2524786, at *1 (N.D. Ohio, June 18, 2019).　It sentenced him accordingly, reducing the 32-year mandatory minimum sentences he faced under § 924(c) to 14 years.　But because Jackson no longer faced 57 years of mandatory minimum sentences, the district court increased his sentence for the three carjackings from 87 months' imprisonment to 108 months.　Jackson appealed, challenging that 21-month increase, and the government cross-appealed, challenging the district court's decision to apply the First Step Act to Jackson's § 924(c) convictions.　Because we conclude that the district court should not have applied the amended § 924(c), we do not reach Jackson's arguments.

## II.

We interpret statutes de novo.　*United States v. Jeffries*, 958 F.3d 517, 519 (6th Cir. 2020).　Our task begins with the statutory text.　*Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019).　When, as here, the text is clear, it ends there as well.　*Id.*

The relevant retroactivity provision reads: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."　First Step Act § 403(b).　The date of enactment was December 21, 2018.　Two textual clues clarify that provision's meaning.　First, Congress's decision to use the present-perfect tense makes December 21, 2018 the date of inquiry.　The present perfect "denotes an act, state, or condition that is now completed or continues up to the present." *The Chicago Manual of Style* ¶ 5.132 (17th ed. 2017).　So the question whether a sentence "has been imposed" requires us to ask if the sentencing process ended by the date of enactment.　Second, Congress's use of the indefinite article "a" indicates that the statute does not refer only to the final sentence a defendant receives. *See* Bryan A. Garner, *Garner's Modern English Usage* 991 (4th ed. 2016).　Thus, the retroactivity provision's text creates a straightforward test for retroactivity.　We must look at Jackson's status as of December 21, 2018 and ask whether—at that point—a sentence had been imposed on him.

We have applied that test in two published opinions. In *United States v. Richardson*, Richardson argued that a sentence had not been imposed for his § 924(c) violations because he had not yet exhausted his direct appeals. 948 F.3d 733, 748 (6th Cir. 2020). We rejected that argument, holding instead that a sentence was imposed when the district court sentenced him. *Id.* at 748–50. In *United States v. Henry*, we had to decide whether the same held true for a defendant whose sentence had been vacated before the First Step Act became law. 983 F.3d 214, 216–17 (6th Cir. 2020). We determined that Henry's pre-Act vacatur meant that on December 21, 2018, it was as if a sentence had never been imposed on him, so the retroactivity provision applied to him. *Id.* at 222–23, 228. But in *Henry*, we recognized the crucial difference between the question presented there and this exact case: Jackson's sentence was vacated and his case remanded "*after* the First Step Act's enactment." *Id.* at 222 & n.2 (citing the district court's opinion in this case).[1]

For that reason, this case follows *Richardson*. On the relevant date for retroactivity, Jackson was in the exact same situation as Richardson: under sentence pending appeal. *Richardson*, 948 F.3d at 738. That Jackson's first appeal went better than Richardson's does not alter our inquiry under the retroactivity provision.

In arguing to the contrary, Jackson contends that when his sentence was vacated "his sentence was rescinded, and there was no longer a sentence imposed on him until he was resentenced." That argument misconstrues the First Step Act's retroactivity inquiry. That Jackson was without a sentence for three months in 2019 does not change the fact that as of December 21, 2018, a sentence had been imposed on him. After all, vacatur does not erase Jackson's prior sentence from history. Vacatur merely "make[s] void" the thing vacated. *Vacate, Black's Law Dictionary* (11th ed. 2019). When that thing becomes void, it is "of no legal effect" anymore. *Void, Black's Law Dictionary* (11th ed. 2019). But eliminating a

---

[1]In *United States v. Uriarte*, on which we relied heavily in *Henry*, 983 F.3d at 220–21, the en banc Seventh Circuit offered a similar caveat. It explained that "[a]lthough Mr. Uriarte, who was sentence-less when the First Step Act was enacted, falls neatly within the statute's language, the same would not be true for a defendant who was under a sentence at the time of enactment, but subsequently had his sentence vacated," 975 F.3d 596, 602 n.3 (7th Cir. 2020) (en banc). In dissent, then-Judge Barrett emphasized that nothing in the *Uriarte* majority's logic addressed the factual scenario we face. *Id.* at 606 n.1 (Barrett, J., dissenting) (citing the district court's decision in this case).

sentence's prospective legal effect only "wipe[s] the slate clean" looking forward. *Pepper v. United States*, 562 U.S. 476, 507 (2011). It does not retroactively change Jackson's status in the prior months.

For that reason, we part ways with the Fourth Circuit's contrary conclusion in *United States v. Bethea*, --- F. App'x ---, 2021 WL 219201 (4th Cir. Jan. 21, 2021). There, our sister circuit reasoned that because a district court vacated Bethea's sentence, "a sentence cannot legally be said to have been imposed until 2019." *Id.* at *5. Based on that logic, it decided that Bethea's case did not meaningfully differ from our decision in *Henry* and the Seventh Circuit's *Uriarte* decision. *Id.* ("[I]t matters not when that vacatur occurred, because his only legally effective sentence was imposed after the FSA's enactment."). But that analysis misconstrues our *Henry* decision, where we explained that "[t]he better reading of 'a sentence' requires the defendant to have a valid sentence at the time of the First Step Act's enactment, not a sentence *at some point*." *Henry*, 983 F.3d 214 at 222. The *Bethea* majority also thought that if "Congress intended to draw the line at individuals 'initially sentenced' before the FSA's enactment, it surely could have said so." 2021 WL 219201, at *6. But Congress equally could have said "the sentence," or, clearer still, "the final sentence" or "an ultimate sentence." *See United States v. Hodge*, 948 F.3d 160, 163 (3d Cir. 2020). The mere observation that the statutory language could be made clearer does not make it unclear in the first place.

In addition to the vacatur argument, amici[2] contend that the First Step Act's amendments should apply to all resentencing hearings that occur after the date of enactment based on the general "principle that a court is to apply the law in effect at the time it renders its decision." *Bradley v. Sch. Bd. of Richmond*, 416 U.S. 696, 711 (1974). But *Bradley* qualified that general principle in the rest of that sentence, noting that it applies only when there is no statutory directive to the contrary. *Id.* More recently, in *Dorsey v. United States*, the Supreme Court explained that the general savings statute that has been in place since 1871 provides the statutory directive to the contrary for all statutory changes. 567 U.S. 260, 272 (2012). That statute

---

[2]The American Civil Liberties Union, the National Association of Criminal Defense Lawyers, the American Civil Liberties Union of Ohio Foundation, Due Process Institute, R Street Institute, and Americans for Prosperity Foundation.

provides that Congress's amendments to "an older criminal statute shall not change the penalties 'incurred' under that older statute 'unless the repealing Act shall so expressly provide.'" *Id.* at 272 (quoting 1 U.S.C. § 109). Here, the First Step Act did so expressly provide—but only for defendants on whom a sentence had not been imposed as of December 21, 2018.

### III.

For those reasons, we vacate Jackson's sentence and remand for the district court to sentence him under the version of § 924(c) that pre-dates the First Step Act of 2018.

––––––––––––––––––

**DISSENT**

––––––––––––––––––

KAREN NELSON MOORE, Circuit Judge, dissenting.   The majority contends that because Jackson was originally sentenced prior to the First Step Act's enactment and we did not vacate his sentence until afterwards, First Step Act § 403 does not apply at Jackson's resentencing in 2019.  I disagree because the plain language, structure, and purpose of First Step Act § 403 suggest that this provision applies to Jackson's resentencing.

Two things changed between Jackson's initial sentencing and now.  In 2018, Congress passed the First Step Act.  With the First Step Act, the escalating mandatory-minimum sentences for a second or subsequent 18 U.S.C. § 924(c) conviction applied only to a defendant who has a prior final § 924(c) conviction.  First Step Act, § 403(a) (codified at 18 U.S.C. 924(c)(1)(C)).  In a section entitled "Applicability to Pending Cases," Congress extended this amendment "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  First Step Act, § 403(b) (codified at 18 U.S.C. § 924 notes).  Second, in 2019, we vacated Jackson's conviction and remanded his case for resentencing because he made a single choice to use or carry a firearm in connection with a double carjacking, and therefore could not be convicted of two distinct violations of § 924(c).  *United States v. Jackson*, 918 F.3d 467, 492 (6th Cir. 2019).  At Jackson's resentencing, the district court applied § 403 to Jackson.  *See United States v. Jackson*, No. 1:15 CR 453-001, 2019 WL 2524786, at *3 (N.D. Ohio June 18, 2019); R. 224 (Resent'g Tr. at 9) (Page ID #2940).  I see no reason to depart from the district court's holding.

When we vacate a defendant's sentence and remand for resentencing, the vacated sentence is not "a sentence" for the purposes of the First Step Act.  Our order vacating Jackson's sentence rendered Jackson's initial sentence "in essence, a nullity." *Jackson*, No. 1:15 CR 453-001, 2019 WL 2524786, at *2; *see also* Black's Law Dictionary (11th ed. 2019) (defining "vacate" as "[t]o nullify or cancel; make void; invalidate").  We have clearly stated that a general remand "effectively wipes the slate clean," and "gives the district court authority to redo the

entire sentencing process." *United States v. McFalls*, 675 F.3d 599, 606 (6th Cir. 2012). We must "assum[e] [that] Congress is well aware of the background principle[s]" including the effects of a vacatur and general remand, "when it enacts new criminal statutes." *Dorsey v. United States*, 567 U.S. 260, 274 (2012). The Fourth Circuit in *United States v. Bethea,* No. 19-4618, -- F. App'x --, 2021 WL 219201 (4th Cir. Jan. 21, 2021), interpreted First Step Act § 401, which includes an identical applicability provision to § 403, to cover a defendant whose sentence had been vacated after the First Step Act's enactment. The Fourth Circuit concluded that the defendant's "sentence is best understood as 'imposed' for purposes of the FSA on the date of its reimposition, because the district court's vacatur rendered his 2015 sentence a legal nullity." *Id.* at *4.

The majority contends that, although this court vacated Jackson's prior sentence, "vacatur does not erase Jackson's prior sentence from history." (Maj. Op. at 4). Taken to its logical conclusion, however, this interpretation of vacatur "would put us in the unusual position of giving effect to legal judgments subsequently vacated." *United States v. Henry*, 983 F.3d 214, 223 (6th Cir. 2020). Extending First Step Act § 403 to Jackson avoids this illogical conclusion. Further, the majority's analysis of the retroactivity provision of First Step Act § 403 adopts a reading of the text that we rejected in *Henry*. Specifically, the majority contends that "Congress's use of the indefinite article 'a' indicates that the statute does not refer only to the final sentence a defendant receives." (Maj. Op. at 3). In *Henry*, however, we cautioned against "plac[ing] undue emphasis on this one-letter article." 983 F.3d at 223; *see also United States v. Uriarte*, 975 F.3d 596, 603–04 (7th Cir. 2020) (en banc) (analyzing and rejecting grammar argument).

Moreover, the majority misconstrues the import of our recent decision in *Henry*. In *Henry*, we did not reach the question of whether First Step Act § 403 applied to defendants whose sentences were vacated after the First Step Act's enactment because that question was not before us. 983 F.3d at 222 & n.2. Nonetheless, the majority reads *Henry*'s statement that "[t]he better reading of 'a sentence' requires the defendant to have a valid sentence at the time of the First Step Act's enactment, not a sentence *at some point*" to preclude Jackson from relief under First Step Act § 403. (Maj. Op. at 5) (quoting 983 F.3d at 222). To the extent that *Henry* is

relevant to Jackson's case, it supports relief. We emphasized in *Henry* that § 403 does not apply if the defendant has "a *valid* sentence at the time of the First Step Act's enactment." 983 F.3d at 222 (emphasis added). At the time of the First Step Act's enactment, Jackson did not have a legally valid sentence. Only when the district court resentenced him in 2019—after the First Step Act's enactment—did Jackson have a legally valid sentence.

Finally, the government argues that applying First Step Act § 403 to Jackson would lead to inequitable outcomes. As we reasoned in *Henry*, however, "[s]entencing disparities are the consequence of Congress's decision to refrain from making § 403 fully retroactive. Given that some disparities will exist in any event, they should not prevent [a defendant] from benefiting from First Step Act § 403." 983 F.3d at 228.

When we vacated Jackson's sentence in 2019, we rendered Jackson's sentence a legal nullity for the purposes of First Step Act § 403. For this reason, I would affirm the district court, which properly resentenced Jackson. I respectfully dissent.