RESUBMIT BLD-164                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3673
_____

MICHAEL LEE GORDON,
                                                 Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-02420)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 27, 2021
Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: June 17, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Lee Gordon appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed for lack of jurisdiction his petition filed under 28 U.S.C. § 2241.  Because no substantial question is raised by his appeal, we will summarily affirm the District Court's judgment.

In 1998, Gordon was convicted in the United States District Court for the Southern District of Ohio of seven counts of using a firearm during a violent crime, under 18 U.S.C. § 924(c), and seven counts of Hobbs Act robbery, under 18 U.S.C. § 1951.  He was sentenced to 137 years and 6 months in prison.  United States v. Gordon, C.A. No. 99-3679, 2000 WL 1785905, at *1 (6th Cir. 2000) (unpublished disposition).  Gordon was unsuccessful on direct appeal and in his first proceeding under 28 U.S.C. § 2255.  Since that time, he has filed numerous applications in the Sixth Circuit for permission to file a second or successive § 2255 motion.

In December 2018, Gordon, who was imprisoned at the federal prison in Lewisburg, Pennsylvania, at the time, filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania.  He claimed that Johnson v. United States, 576 U.S. 591 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), rendered his conviction unconstitutional.  He argued that he could raise his claims in a § 2241 petition, as § 2255 was ineffective to challenge his conviction.  Gordon also filed supplements, raising claims under the First Step Act and United States v. Davis, 139

2

S. Ct. 2319 (2019). The District Court dismissed the petition for lack of jurisdiction.

Gordon timely appealed and provided argument in support of his appeal.

We held this appeal c.a.v. pending a decision in United States v. Copes, C.A. No.

19-1494, and United States v. Monroe, C.A. No. 16-4384 (consolidated for decision).

After that decision was issued, we directed the parties to address how the decision in

Copes and Monroe affects this appeal, if at all. Those responses have now been

received.[1]

We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review over

the District Court's legal conclusions and review its factual findings for clear error. See

Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). As

the District Court properly noted, a motion under 28 U.S.C. § 2255, and not a habeas

corpus petition under 28 U.S.C. § 2241, generally is the exclusive means to challenge a

federal sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)

("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal

prisoners can challenge their convictions or sentences[.]").

---

[1] The Government oddly states that the decision does not affect this appeal because
Gordon "is challenging the district court's decision to revoke his *in forma pauperis*
status. (Doc. 61)." App. Dkt. #13. We are not aware of any order revoking Gordon's in
forma pauperis status and there are only 16 entries on the District Court docket.

[2] A certificate of appealability is not required to appeal from the denial of a § 2241
petition filed by a federal prisoner. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.
2009).

3

When a federal prisoner attacks the validity of his conviction, he may proceed under § 2241 only if he asserts a sufficiently colorable claim that (1) he is actually innocent on the theory that "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and (2) he is "otherwise barred from challenging the legality of the conviction under § 2255." Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019) (quoting Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017)).

Gordon's claims do not meet this standard. In short, he has not shown that the conduct for which he was convicted has been decriminalized by a subsequent Supreme Court decision. First, Gordon has not shown that his Hobbs Act robbery convictions have been invalidated by a subsequent Supreme Court decision. Indeed, as we explained recently in United States v. Walker, 990 F.3d 316, 324-25 (3d Cir. 2021), we have concluded that the Supreme Court's Davis decision did not change our conclusion that Hobbs Act robbery is categorically a crime of violence.[3] Second, the District Court properly determined that the First Step Act is not retroactively applicable on collateral review. See United States v. Hodge, 948 F.3d 160, 163 (3d Cir. 2020). Thus, Gordon cannot meet the narrow exception that allows a federal prisoner to challenge his conviction or sentence via a § 2241 petition.

---

[3] We made a similar decision in Copes, C.A. No. 19-1494, and Monroe, C.A. No. 16-4384, the cases for which we held this appeal c.a.v. See United States v. Monroe, 837 F. App'x 898, 900-01 (3d Cir. 2021) (not precedential).

Accordingly, for the reasons explained herein, the District Court lacked jurisdiction over Gordon's § 2241 petition and properly dismissed the petition.[4]

---

[4] In light of our disposition, appointment of pro bono counsel to represent Gordon is not necessary.