**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1120
_____

UNITED STATES OF AMERICA,

v.

WESLEY THOMAS,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cr-00121-003)
District Judge: Honorable Gerald J. Pappert

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on June 17, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: August 2, 2021)

_____

———————

OPINION[*]

———————

PER CURIAM

Pro se appellant Wesley Thomas appeals the District Court's order denying his motion for compassionate release. The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2015, Thomas pleaded guilty to four counts of Hobbs Act robbery and two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to 180 months' imprisonment. See E.D. Pa. Cr. No. 2-15-cr-00121-003, ECF 66 at 2. In October 2020, Thomas filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argued that he was entitled to a reduced sentence because the District Court imposed consecutive sentences for his convictions under § 924(c), which was, according to Thomas, not permitted by the First Step Act since the convictions were charged in the same indictment. He also stated that he was at a heightened risk of contracting COVID-19 in prison, that his medical conditions increase the risk of severe illness or death from COVID-19, and that his father was sick and needed his care.

The District Court denied the motion, concluding that the 18 U.S.C. § 3553(a) factors did not support the request and that Thomas did not present "extraordinary and compelling

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

reasons for release." 18 U.S.C. § 3582(c)(1)(A). The Court noted that Thomas is serving a sentence far below the mandatory minimum for the crimes he committed, that he has served less than half of that sentence, and that Thomas's health conditions were managed by the prison such that his few risk factors did not warrant release. Thomas filed a notice of appeal, and the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

We will grant the Government's motion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in § 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against granting compassionate release here.[1] As the District Court explained, Thomas's crimes were "violent robberies" and "he earned his sentence by knowingly and voluntarily facilitating [them]." ECF No. 139 at 8. It was also reasonable for the District Court to conclude that the fact that Thomas had served less than half of his lengthy sentence worked against him. See, e.g., Pawlowski, 967 F.3d at 330-31.[2] We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 330 (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.

---

[1] Based on this conclusion, we need not address Thomas's described "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). For Thomas's benefit, we note that, contrary to the argument he presented in the District Court, the First Step Act did not eliminate the subsection of § 924(c) that requires sentences under that section to run consecutively. See § 924(c)(1)(D)(ii); United States v. Hodge, 948 F.3d 160, 161 n.2 (3d Cir. 2020).

[2] We need not decide here whether, as Thomas argues for the first time on appeal, the First Step Act's change to § 924(c)'s sentencing provisions is relevant to the § 3553(a) factors. Even if that change is relevant, there is no plain error based on any claimed failure to consider it. See Fed. R. Crim. P. 52(b); United States v. Long, 997 F.3d 342, 353 (D.C. Cir. 2021). The District Court recognized that the change in law would decrease the mandatory minimum sentence for someone like Thomas with two convictions for brandishing a firearm from 32 years' imprisonment to 14, but that, through his plea agreement, Thomas received only a ten-year sentence, lighter than even the present law prescribes.