NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0209n.06

No. 22-1198

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 02, 2023
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIMOTHY I. CARPENTER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

OPINION

Before: GUY, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. This case is before us for a third time. In this appeal, Timothy Carpenter appeals his sentence of 116 years in prison, imposed by the district court in 2022 for Carpenter's role (mostly as a lookout) in a string of armed robberies of Radio Shack and T-Mobile stores in and around Detroit. That was the same sentence that the district court first imposed on Carpenter in 2014, mostly because of mandatory-minimum terms required by Congress. Carpenter argues that, as a result of Congress's enactment of the First Step Act in 2018, he was not subject to those mandatory minimums at his 2022 resentencing. But Congress chose not to make the First Step Act fully retroactive; and we find ourselves compelled to conclude, as did the district court, that the Act did not apply to Carpenter's resentencing. We therefore affirm.

I.

This case has a long procedural history, but the relevant chronology is as follows. In 2013, after a jury trial, Timothy Carpenter was convicted on six counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and five counts of using or carrying a firearm during a crime of

violence under 18 U.S.C. § 924(c). At that time, § 924(c)(1)(C) mandated a minimum sentence of 25 years (*i.e.*, 300 months) in prison for any "second or subsequent conviction" under that section—including when the second or subsequent conviction came in the same case as the defendant's first conviction under that provision. *See* 18 U.S.C. § 924(c)(1)(C)(i); *Deal v. United States*, 508 U.S. 129, 132–37 (1993). Moreover, § 924(c)(1)(D)(ii) required that every such 300-month sentence be consecutive to—meaning stacked on top of—the sentences for the predicate offenses (here, the Hobbs Act robberies) and any other § 924(c) sentences imposed in the case. Accordingly, in 2014, the district court sentenced Carpenter to a total of 1,395 months' imprisonment—comprising 135 months on each of the robbery counts, to run concurrently, followed by a consecutive 60-month sentence for the first § 924(c) count and four consecutive 300-month sentences on the remaining gun counts.

Carpenter appealed his criminal judgment. We affirmed—holding, among other things, that the FBI's use of cell-tower data for Carpenter's phone was not the result of a Fourth Amendment "search." *United States v. Carpenter*, 819 F.3d 880 (6th Cir. 2016).

In June 2018, the Supreme Court reversed our Fourth Amendment holding and remanded Carpenter's case back to this court. *Carpenter v. United States*, 138 S. Ct. 2206 (2018). That December, Congress passed the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). As relevant here, the Act amended § 924(c)(1)(C) to mandate a minimum (and consecutive) sentence of 25 years for violation of § 924(c) only when a § 924(c) conviction occurs "after a prior conviction under this subsection has become final." *See* First Step Act § 403(a). That amendment, if applied in Carpenter's case, would reduce his mandatory-minimum sentence on his § 924(c) convictions by 80 years (from 105 years to 25). Yet Congress limited the Act's retroactive effect: Section 403(b) provides that "the amendments made by this section, shall apply to any offense that

was committed before" the Act's effective date—December 21, 2018—"if a sentence for the offense has not been imposed as of such date of enactment."

Six months after the First Step Act became effective, we again affirmed Carpenter's criminal judgment, albeit on somewhat different grounds than before. *United States v. Carpenter*, 926 F.3d 313 (6th Cir. 2019). Carpenter then petitioned for rehearing in this court, arguing that a recent Supreme Court decision afforded the district court more discretion than before as to Carpenter's sentences on the Hobbs Act counts. *See Dean v. United States*, 581 U.S. 62, 69 (2017). We agreed with that argument, vacated Carpenter's sentence, and remanded his case "to allow the district court to sentence him anew." *United States v. Carpenter*, 788 F. App'x 364, 364–65 (6th Cir. 2019).

On remand, Carpenter argued that the First Step Act's amendments applied to his resentencing because it would take place after December 2018. The district court disagreed, holding that—under § 403(b) of the Act as interpreted in *United States v. Jackson*, 995 F.3d 522 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 1234 (2022)—the Act did not apply to Carpenter's resentencing. This appeal followed.

II.

We review de novo whether Carpenter is eligible for relief under § 403 of the First Step Act. *United States v. Jeffries*, 958 F.3d 517, 519 (6th Cir. 2020).

Under § 403(b), the Act's amendments applied to Carpenter's resentencing only if "a sentence" for his offenses "ha[d] not been imposed as of" the Act's date of enactment, namely December 21, 2018. As of that date, the district court had already imposed Carpenter's original sentence of 1,395 months; and that sentence remained in effect on that same date, since we did not vacate it until almost a year later, in December 2019. For purposes of § 403(b), therefore, the

posture of Carpenter's case is identical to that of the defendant in *Jackson*: in each case, on the Act's date of enactment, the defendant was "under sentence pending appeal." *Jackson,* 995 F.3d at 525. We held in *Jackson* that the Act's amendments did not apply to the defendant's resentencing when his first sentence was not vacated until after the Act became law. *Id*. at 525–56 (disagreeing with *United States v. Bethea*, 841 F. App'x 544, 550 (4th Cir. 2021)). We must therefore hold the same here.

Relatedly, we agree with the government that our holding in *Jackson* did not conflict with our holding in *United States v. Henry*, 983 F.3d 214 (6th Cir. 2020). In *Henry*, unlike this case, the defendant's sentence had been vacated before the Act's effective date, and he had not yet been resentenced by that date. *Id.* at 217. And the majority opinion in *Henry* distinguished cases—like this one and Jackson's—where the defendants' "sentences were vacated and remanded *after* the First Step Act's enactment[.]" *Id*. at 222 n.2 (emphasis in original). The two cases are thus distinguishable on the ground that *Henry* itself distinguished them. *See Jackson*, 995 F.3d at 525.

*Jackson* dictates that § 403 of the First Step Act did not apply to Carpenter's resentencing. Yet one can argue that, in this case, Congress's sentencing provisions are working at cross-purposes. Here, the pre-Act version of § 924(c) mandated a minimum sentence of 105 years' imprisonment; whereas 18 U.S.C. § 3553(a) separately mandates that the court "impose a sentence sufficient, but not greater than necessary, to comply with" the purposes of sentencing. The latter mandate rings hollow here; perhaps Congress will eventually see fit to revisit retroactive application of the First Step Act's amendment to § 924(c)(1)(C).

\* \* \*

The district court's judgment is affirmed.